# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANITA LIPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:10-cv-00786-PMP-LRL |
| v. ) | |
| ) | **O R D E R** |
| AAA NEVADA INSURANCE CO., *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the court is defendant's Motion to Strike Paragraphs III and XI of Plaintiff's Complaint (#6, filed June 14, 2010). The motion is made pursuant to Rule 12(f), on the ground that each paragraph incorrectly pleads only Doe defendants. No response to the motion has been filed.

Plaintiff, who is represented by counsel, filed her Complaint in the District Court of Clark County Nevada on May 3, 2010. Defendant removed the action to federal court on May 26, 2010. Plaintiff alleges causes of action for bad faith, breach of contract, unfair claim settlement practices, and uninsured motorist benefits. Exh. A to Dkt. (#1). Paragraphs III and XI of plaintiff's Complaint plead allegations only as to individual Doe defendants I through X and/or Doe Corporations I through X. *See id.*

Rule 12(f) provides that, on motion or on its own, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts generally disfavor the Rule 12(f) motion to strike because it "proposes a drastic remedy." Milton I. Shadurupdates, *et al.*, 2-12 Moore's Federal Practice-Civil § 12.37 (citation omitted). While no federal statute or rule specifically countenances the naming of fictitious parties in a lawsuit, *Williams v. Avis Transp. of Can., Ltd.*, 57 F.R.D. 53, 56 (D. Nev. 1972), as a general rule, "the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v.*

*California Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968) ("The action was also properly dismissed as to the fictitious defendants identified only as 'Does' in the complaint as amended."). Inasmuch as paragraphs III and XI of the Complaint name only Does as defendants, those portions of the Complaint are improperly pled. Moreover, plaintiff has not opposed defendant's motion. "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d).

Accordingly, and for cause otherwise shown,

IT IS ORDERED that defendant's Motion to Strike Paragraphs III and XI of Plaintiff's Complaint (#6) is granted.

DATED this 5th day of August, 2010.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**